UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES LEE BIBBS, ) | Case No. C07-1503-JLR-JPD |
| Petitioner, ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| RENTON CITY JAIL OF WASHINGTON, ) | |
| Respondent. ) | |

## I.   INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Charles Bibbs, proceeding *pro se* and *in forma pauperis* ("IFP"), is currently incarcerated at the Renton City Jail in Renton, Washington, where he is serving a sentence imposed by the Renton Municipal Court. It appears that on August 3, 2007, petitioner pleaded guilty to violating release conditions on an initial charge of third degree theft. His suspended sentence was revoked and he was sentenced to 334 days in jail. The proposed 28 U.S.C. § 2254 petition he has filed appears to attack the actions of the sentencing judge and the effectiveness of his legal representation. Dkt. No. 2-1. Petitioner has also filed a proposed motion for appointment of counsel. Dkt. No. 5. For the reasons set forth below, the Court GRANTS petitioner's IFP application (Dkt. No. 1), but recommends that petitioner's § 2254 petition be DENIED and this case DISMISSED without prejudice. As a result, petitioner's motion for appointment of counsel (Dkt. No. 8) is DENIED as moot.

REPORT AND RECOMMENDATION
PAGE – 1

## II. DISCUSSION

### A.  Petitioner's Habeas Claims Are Unexhausted

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), governs petitions for habeas corpus filed by prisoners who were convicted in state courts. 28 U.S.C. § 2254. In order for a federal district court to review the merits of a § 2254 petition, the petitioner must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005). The purpose of the exhaustion doctrine is to preserve federal-state comity which, in this setting, provides state courts an initial opportunity to correct violations of its prisoners' federal rights. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Ex parte Royall*, 117 U.S. 241, 251 (1886). A petitioner can satisfy the exhaustion requirement by either (1) fairly and fully presenting each of his federal claims to the highest state court from which a decision can be rendered, or (2) demonstrating that no state remedies are available to him. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A petitioner fairly and fully presents a claim if he submits it "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

The Ninth Circuit requires that a habeas petitioner explicitly identify the federal basis of his claims by identifying specific portions of the Constitution or federal statutes, or by citing federal or state case law that analyzes the Constitution. *Insyxiengmay*, 403 F.3d at 668; *Fields*, 401 F.3d at 1021. Alluding to broad constitutional principles, without more, does not satisfy the exhaustion requirement. *Id.* Although *pro se* petitioners may be entitled to more leniency than habeas petitioners with counsel, *Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003), such petitioners ordinarily do not satisfy the exhaustion requirement if the state court must read beyond their motion in order to ascertain their claims. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

01    Here, it is clear from the face of the petition that petitioner has not exhausted any of the
02 grounds for relief presented therein.  *See* Dkt. No. 1.  Petitioner suggests that on September
03 11, 2007, he filed a "Notice to Appeal to Superior Court in Kent, WA," but the Court has
04 found no record of such an appeal.  The claims presented by petitioner that call into question
05 the validity of his conviction appear to be claims eligible for review in the state courts.  Even
06 assuming that a direct appeal was not available to petitioner, the Washington Rules of
07 Appellate Procedure provide an avenue through which a petitioner may seek review of a
08 restraint which is alleged to be unlawful.  *See* R.A.P. 16.4.  Petitioner apparently made no
09 effort to seek review of his restraints under the provisions of that rule.  In sum, because
10 petitioner has not exhausted his federal habeas claims in the state courts, those claims are not
11 eligible for federal habeas review.

## III.  CONCLUSION

13    Petitioner's IFP application (Dkt. No. 1) is GRANTED.  For the foregoing reasons,
14 however, the Court recommends that petitioner's § 2254 petition be DENIED and this case
15 DISMISSED without prejudice.  As a result, petitioner's motion for appointment of counsel
16 (Dkt. No. 8) is DENIED as moot.  A proposed order accompanies this Report and
17 Recommendation.

18    DATED this 18th day of October, 2007.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge